Argued and submitted July 1, affirmed October 5, 1988

# METCO MANUFACTURING, INC.,
*Petitioner,*

*v.*

# BUREAU OF LABOR AND INDUSTRIES,
*Respondent.*

## (50-86; CA A47312)

761 P2d 1362

Lee A. Hansen, Portland, argued the cause for petitioner. With him on the brief was Brown & Hansen, Portland.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Graber, Judge, and Riggs, Judge pro tempore.

RIGGS, J. pro tempore

**RIGGS, J.** pro tempore.

Petitioner seeks review of an order of the Bureau of Labor and Industries (Bureau), which ordered petitioner to pay a former employe approximately $8,500 in lost wages and $2,500 as mental stress damages. We affirm.

The employe filed an unlawful employment practice complaint with Bureau alleging that petitioner fired him because of his use of the workers' compensation system. Bureau attempted, without success, to conciliate the dispute. On June 29, 1987, Bureau sent petitioner a "Notice of Hearing and Specific Charges." Appended to that notice was a copy of pertinent agency rules, one of which expressly required petitioner to respond to the charges within 20 days, or face default. OAR 839-30-060; OAR 839-30-185(1)(a). Petitioner failed to respond within 20 days. On July 24, 1987, petitioner, through its president, filed a request for relief from default and a document titled "Pleading Response," which responded to the charges filed by Bureau. The hearings referee denied the request. On August 7, 1987, petitioner, through its attorney, moved for reconsideration of the denial. The referee denied the motion.

At the hearing, Bureau presented evidence through exhibits and witnesses. The referee denied petitioner the right to cross-examine, explaining that that right had been defaulted. Petitioner's attorney and its president left the hearing. The referee filed a proposed order, petitioner filed exceptions to that order, and the Commissioner then entered a final order.

■ Petitioner's first assignment of error raises two issues. The first is whether the referee had authority to rule on petitioner's request for relief from default. Petitioner argues that only the Commissioner may rule on such a motion. OAR 839-30-190[1] provides:

---

[1] Petitioner also relies on OAR 839-30-025(11), which provides:

" 'Good Cause' means, unless otherwise specifically stated, that a party failed to perform a required act due to an excusable mistake or circumstances over which the party had no control. Good Cause does not include a lack of knowledge of the law including these rules. The hearings referee will, except in the case of a request for relief from a default, determine what constitutes good cause."

The definition parallels the grounds for relief from default in OAR 839-30-190. However, the latter rule does not use the term "good cause," and 839-30-025(11) does not address who may rule on motions for relief from default. Accordingly, OAR 839-30-025(11) does not prohibit the hearings officer from making a recommendation to the Commissioner on a request for relief from default.

"(1)    The Commissioner may, in the Comissioner's discretion and upon such terms as may be just, at any time within ten (10) days after Charging Document becomes final by reason of default, or a Final Order has been issued, or a Notice of Default has been issued to a Charged Party, relieve a party from a default taken against that party where the party establishes that the default was the result of an excusable mistake or circumstances beyond the control of the party.

"(2)    The request for relief shall be in writing directed to the Commissioner and shall be accompanied by a written statement or statements, together with appropriate documentation, setting forth the facts supporting the alleged excusable mistake or the circumstances beyond the control of the party."

Petitioner directed his request for relief from the default to Bureau, not directly to the Commissioner. We need not decide whether the referee properly ruled on petitioner's request for relief from default. The final order "ratified" the referee's denial of the motion. Because the Commissioner ratified the referee's denial, petitioner suffered no prejudice from the referee's preliminary ruling recommending[2] that relief be denied. Thus, petitioner received exactly what it argues it was entitled to: a ruling on its request by the Commissioner.

■    The second issue raised by petitioner's first assignment of error is whether the referee erred in failing to allow petitioner to cross-examine Bureau's witnesses at the hearing. OAR 839-30-060 provides, in part:

"(1)    A party filing a written request for a hearing, or a party served with Specific Charges, must file, within twenty (20) days of the date of issuance of the Charging Documents, a written response, referred to as an 'Answer' to the allegations in the Charging Document. This Answer must include an admission or denial of each factual matter alleged in the Charging Document and a statement of each relevant defense to the allegations.

"(2)    Except for good cause shown to the Hearings Referee, factual matters alleged in the Charging Document, and not denied in the Answer, shall be deemed admitted by the

---

[2] Except for procedural matters, all of the hearings referee's rulings are recommendations to the Commissioner, OAR 839-30-100(1)(i), who has the final word. *See* OAR 839-30-180.

party. The failure of the party to raise an affirmative defense in the Answer shall be deemed a waiver of such defense. Any new facts or defenses alleged in the Answer shall be deemed denied by the Agency, and except for good cause shown to the Hearings Referee, evidence shall not be taken at the contested case hearing on any factual or legal issue not raised in the Charging Document or the Answer."[3]

■ Failure to respond timely to a charging instrument results in the admission of any factual matters alleged and the waiver of any affirmative defenses.[4] By failing to respond, petitioner lost its right to address by any means, including cross-examination, issues raised in that instrument.

■ Petitioner's third assignment of error[5] claims that the Commissioner erred in not deducting claimant's unemployment compensation from his award for lost wages. Petitioner raised that affirmative defense for the first time in its exceptions to the proposed order. Petitioner also waived its right to raise that issue when it defaulted:

"The failure of [a] party to raise an affirmative defense in the answer shall be deemed a waiver of such defense." OAR 839-30-060(2.)

Affirmed.

---

[3] Petitioner has not challenged the validity of the rule.

[4] OAR 839-30-185(1) states that a default occurs:

"(a) Where a party has been served with a Charging Document and fails to file a required response, including an Answer, within the stated time limitation * * *."

Petitioner defaulted when it failed to answer timely.

[5] Petitioner's second assignment lacks merit and requires no discussion.